UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHEIKH TIDIANE MBOW,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Respondents. | CAUSE NO. 3:26-CV-938-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Cheikh Tidiane Mbow, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 2.)

Mr. Mbow is a citizen of Senegal who came to the United States in 2023 seeking asylum. (*See* ECF 2 at 5.) He was briefly detained at the border, served with a notice to appear in immigration court, and released on his own recognizance. (ECF 2-1 at 3, 20.) In March 2026, he was arrested for a criminal offense in Indiana. (*Id.* at 7.) In June 2026, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents within the interior of the United States pursuant to an administrative warrant. (ECF 2 at 5; ECF 2-1 at 22.) He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. (*Id.*) He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes and the

Due Process Clause of the Fifth Amendment. (*Id.* at 26-28.) He seeks immediate release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 29-30.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondents answered the petition (ECF 11), and Mr. Mbow filed a reply (ECF 14).

After the show cause order issued, the Seventh Circuit joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas v. Olson*, ___F.4th___, 2026

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

WL 2198315, at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.).

In light of this intervening decision, the Respondents concede that Mr. Mbow's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized bond hearing. (ECF 11.) The Respondents nevertheless argue that Mr. Mbow "still must move the immigration court for the hearing and exhaust his administrative remedies." (*Id.* at 2.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Mbow argues that it would be futile to require him to exhaust because of the agency's long-standing position on § 1225(b)(2), but in light of the Seventh Circuit's binding opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Respondents concede that he is entitled a bond hearing under *Cirrus Rojas*, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

He also states that it would be unfair to require him to exhaust because the government has thwarted his attempt to obtain a custody redetermination even after *Cirrus Rojas*. (ECF 14 at 2.) He submits documentation showing that he filed a motion for a custody redetermination following the Seventh Circuit's decision, and it was rejected without consideration due to a procedural anomaly in his removal case.[2] (ECF 14; ECF 14-2.) This is regrettable, but it can be reasonably inferred that he will be able to obtain a merits determination on his request for a custody redetermination once the procedural error is corrected. He acknowledges that correction of the issue was "in progress" at the time his reply was filed. (ECF 14 at 4.) If, after the correction, the immigration judge still refuses to consider his request for a custody redetermination on the merits, he has remedies available in the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3). Until he gives the administrative process a chance to run its

---

[2] Mr. Mbow attaches documentation reflecting that his motion for a custody redetermination was rejected because the immigration judge mistakenly thought his case should be decided in Miami, Florida, apparently due to the fact that he is currently detained at Miami Correctional Facility. (*See* ECF 14-2.) Given Respondents' position before this court that Mr. Mbow is entitled to a custody redetermination hearing (ECF 11), the court trusts that government counsel will assist Mr. Mbow in correcting any procedural irregularity in his removal proceedings that is preventing him from obtaining consideration of his request for bond.

course, it is premature to grant him federal habeas relief. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (declining to excuse § 2241 habeas petitioner from exhausting and observing that he "may well be correct that the [agency's] hands are tied, but he also may be mistaken. Until he asks, we cannot know whether [the agency] may yet be able to grant some relief.").

He additionally argues that exhaustion should not be required because the agency has no ability to resolve his Due Process claim, but this does not excuse him from exhausting. A petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). If he pursues his administrative remedies, he may be granted bond. A favorable outcome in the administrative proceedings could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson,* ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings").

Although he asks for outright release, it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). The appropriate course is to require Mr. Mbow to exhaust a request for bond within the agency. If he does not obtain relief after exhausting his available administrative remedies, he is free to file a new petition.

For these reasons, the petition (ECF 2) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is DIRECTED to enter final judgment and to close this case.

SO ORDERED on August 25, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT